IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Bruce Allen Roddy, <br> a/k/a Bruce Allen Roddey, <br><br> Petitioner, <br><br> v. <br><br> Cecilia R. Reynolds, Warden Kershaw Correctional Institution, <br><br> Respondent. | ) C/A NO. 1:12-953-CMC-SVH <br> ) <br> ) <br> ) <br> ) **OPINION and ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 18, 2013, the Magistrate Judge issued a Report recommending that Petitioner's motion for a hearing be denied, Respondent's motion for summary judgment be granted, and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on February 4, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's objections fail to establish that the Report errs in any respect, either in its analysis of state court findings or in finding that several of Petitioner's Grounds for Relief are procedurally defaulted. The objections either state general disagreement with the Report's conclusions, or include argument which was considered and rejected by the Magistrate Judge.

Accordingly, Petitioner's motion for hearing (ECF No. 28) is **denied**, Respondent's motion for summary judgment is **granted**, and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columia, South Carolina
February 20, 2013